ALFRED CORMIER V. THE STATE.

No. 21138. Delivered October 23, 1940.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon, both* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is forgery; the punishment, confinement in the penitentiary for two years.

Article 979, P. C., reads as follows: "He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing *purporting to be the act of another,* in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever." (Italics ours).

Article 988, P. C., provides: "The instrument must purport to be the act of 'another,' and within the meaning of this word, as used in defining forgery, are included this State, the United States, or either of the States or Territories of the Union; all the several branches of the government or either of them; all public or private bodies, politic and corporate; all courts; all officers, public or private, in their official capacity; all partnerships in professions or trades; and all other persons, whether

real or fictitious, *except the person engaged in the forgery.*" (Italics ours.)

The alleged forged check set out in the indictment purported to be the act of N. S. Wittman. Mr. Wittman testified that the check had not been signed by him and that he had given no one authority to execute the check. Among other things, the court instructed the jury in his charge as follows: "The instrument must purport to be the act of another and you are instructed that within the meaning of the word 'another' as herein used, are included any other person *except N. S. Wittman.*" (Italics ours.) Appellant's timely and proper exception to the charge was overruled. The exception should have been responded to and the charge amended. Wittman purportedly signed the check. Hence an instruction to the effect that he was not included in the term "another" was contrary to the provisions of Article 988, supra, wherein it is observed that, among other things, it is provided that the term "another" as used in Article 979, supra, defining forgery, includes "all other persons, whether real or fictitious, except the person engaged in the forgery." The act having purported to be that of Wittman, he was included within the term "another." It follows that the instruction in question was erroneous.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.